**WILLIAMS DISTRIBUTING COMPANY, a/k/a B.C. Williams Bakery Service, Inc., Petitioners,**

v.

**Roy FRANKLIN and Etta Franklin, Respondents.**

No. 94–1058.

Supreme Court of Texas.

May 25, 1995.

Joseph A. Barbknecht, Michael W. Minton, Dallas, for petitioners.

John Alan Goren, Dallas, for respondents.

PER CURIAM.

Roy Franklin was injured while he was making a delivery to B.C. Williams Bakery Service's warehouse. Roy and Etta Franklin sued B.C. Williams Bakery Service (Williams). After a jury trial, the trial court rendered judgment for the Franklins. The court of appeals affirmed in part and re-versed and rendered in part. 884 S.W.2d 503. We reverse that portion of the court of appeals' judgment concerning the exclusion of Williams' expert witness Robert May and remand to the trial court for further proceedings consistent with this opinion. The remainder of the court of appeals' judgment is affirmed.

The case was originally set for trial on September 14, 1992. Earlier the Franklins had served interrogatories and requests for production on Williams requesting the identities, opinions and reports of Williams' testifying expert witnesses. On August 14, 1992, Williams filed a supplemental response to the Franklins' interrogatories identifying Bill Stanfield as an expert witness in the field of "workplace safety" and Robert May as expert witness in the field of "economic matters." Approximately one week later, Williams filed another supplemental response which identified Wayne Ruder as an expert witness on "economic matters." The Franklins filed an amended motion for sanctions requesting that the trial court strike Williams' designation of Stanfield and May as expert witnesses because no reports or other documents relating to their opinions were timely produced. Subsequently, Williams produced Stanfield's report. After a hearing in early September 1992, the trial court struck May and Stanfield as expert witnesses.

The trial was reset. In late October 1992, Williams filed an additional supplemental response to the Franklins' interrogatories, identifying Stanfield and May again as experts. In early December, Williams filed another supplemental response to the Franklins' interrogatories, identifying Maxwell Dow as an expert on "work safety" and producing the first copy of May's report. The case proceeded to trial before a jury on January 26, 1993. When Williams attempted to call May as an expert witness, the Franklins objected based upon the earlier order to strike May and Stanfield. The trial court agreed and again struck May and Stanfield. When asked what other witnesses were going to testify, Williams said "we have Maxwell Dow who will be here ... first thing in the morning." The next day, Williams filed a

motion to lift order striking expert witnesses. After the trial court overruled Williams' motion, Williams made a formal bill of exceptions and introduced May's deposition. Neither Maxwell Dow nor Wayne Ruder was ever called to testify by Williams. After trial, the trial court rendered judgment for the Franklins. The court of appeals affirmed in part and reversed and rendered in part. Concerning the exclusion of May, the court of appeals, assuming that the exclusion was erroneous, held that the exclusion was not reversible error. The court of appeals concluded that Williams was required to show that Wayne Ruder, an expert witness on "economic matters" whom Williams did not call at trial, was either unavailable to testify or would not give controlling evidence.

## I.

Williams argues that the exclusion of May's testimony constituted reversible error. We agree.[1]

"An error in the exclusion of evidence requires reversal if it is both controlling on a material issue and not cumulative." *Mentis v. Barnard*, 870 S.W.2d 14, 16 (Tex.1994). It is undisputed that May's testimony would be material and would not be cumulative. The critical question is whether May's testimony was "controlling." In determining whether May's testimony was controlling, the court of appeals stated:

> Although a party is not required to call to the stand the witnesses it identifies in response to a discovery request, a party who designates more than one expert witness to testify on the same material issue cannot show reversible error in the exclusion of one of those witnesses if it fails to show the witness not excluded either was unavailable to testify or would not give controlling evidence himself.

884 S.W.2d at 510. Under the court of appeals' test for "controlling," a party cannot show reversible error in the exclusion of expert testimony unless he proves that he has no other controlling evidence; that is, evidence more probative than what his opponent has offered. If he has another expert witness whose testimony may not be as strong as that which has been excluded, he must either offer the "weaker" testimony and abandon his complaint about the exclusion, or disparage the "weaker" testimony by showing that it is not controlling. No party should be required to disparage his own evidence in order to show reversible error. Moreover, the court of appeals' test would require the trial court's intrusion into matters better left to the discretion of a party and his attorney—strategy (whether to call a witness) and evaluation of evidence (whether evidence is better or worse than other evidence). Consequently, we conclude that the exclusion of May's testimony constituted reversible error.

Under the provisions of Rule 170, Texas Rules of Appellate Procedure, a majority of this Court grants the application for writ of error and, without oral argument, reverses that portion of the court of appeals' judgment concerning the exclusion of Williams' expert witness Robert May and remands to the trial court for further proceedings consistent with this opinion. The remainder of the court of appeals' judgment is affirmed.

---

1. We assume without deciding that the exclusion of May was erroneous. *See H.B. Zachry Co. v.*

*Gonzalez,* 847 S.W.2d 246 (Tex.1993)