Diana Krell v. Petrina Denise Smith, Temporary Administrator of the Estate of Chad Smith, Deceased

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-417-CV

DIANA KRELL APPELLANT

V.

PETRINA DENISE SMITH, APPELLEE

TEMPORARY ADMINISTRATOR OF

THE ESTATE OF CHAD SMITH,

DECEASED 

------------

FROM THE PROBATE COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1) 

------------

Appellant Diana Krell appeals from the trial court’s judgment on the jury verdict that she and Chad Smith, deceased, were not common-law married.  In two issues, Diana argues the trial court abused its discretion in excluding the testimony of two witnesses regarding statements Chad made to them about his relationship with Diana.  We affirm.

Determining whether to admit or exclude evidence is a matter that falls within the trial judge's sound discretion.
(footnote: 2) 
 We do not disturb a trial judge's evidentiary ruling absent an abuse of discretion.
(footnote: 3) 
 A trial judge abuses his discretion when he acts arbitrarily or unreasonably or without reference to any guiding rules or principles.
(footnote: 4)  If error exists, the party asserting the error has the burden to show the error probably caused the rendition of an improper judgment.
(footnote: 5) 
 To show harm, the excluded evidence must be controlling on a material issue and not cumulative of other evidence.
(footnote: 6)  A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted.
(footnote: 7) 
 We determine whether the case turns on the evidence excluded by reviewing the entire record.
(footnote: 8) 
 “When an appellant complains of the allegedly improper admission of testimony, but cannot meet its appellate burden to show how the testimony, even if improperly admitted, was calculated to cause and probably did cause the rendition of an improper judgment, the appellate court need not reach the merits of the appellant's complaint.”
(footnote: 9)
 Diana contends that the following testimony was wrongly excluded:

• Sandra Howell’s testimony that Chad made the following statements referring to Diana: (1) “you know how wives are”; (2) “in my eyes we [are married].  I don’t need a piece of paper.”  The second statement was made in response to Sandra asking Chad when he and Diana planned on getting married.  Sandra was a work friend of Chad’s.

• Cathy Krell’s testimony that during a telephone conversation she had with Chad, he told her that he and Diana “wanted to live the rest of their lives together as husband and wife.”  Cathy is Diana’s mother.

The testimony was proffered to the trial court during rule 104 hearings.
  Tex. R. Evid
. 104.  The estate objected to the admission of Sandra’s testimony as hearsay and as inadmissible under the Dead Man’s Statute.  
Tex. R. Evid.
 601.  The trial court excluded Sandra’s testimony pursuant to rule 601.  The estate objected to Cathy’s testimony as hearsay, and the trial court appears to have excluded it as hearsay and under rule 601.

Although Diana has presented arguments on appeal as to why the trial court erred in excluding the evidence, she has not demonstrated, argued, or even contended in her brief that the trial court’s rulings excluding the evidence at issue resulted in an improper judgment.  By failing to argue or contend that she suffered harm as a result of the trial court’s rulings, Diana has failed to meet her burden of proof by presenting grounds for reversal on appeal.  Furthermore, our review of the record in this case does not lead us to believe that an improper judgment probably resulted due to the exclusion of the above testimony.  

Similar and stronger evidence was admitted at trial that showed Chad had referred to Diana as his wife, and the jury still found that Chad and Diana were not informally married.
(footnote: 10) 
 For example, Bob Krell testified that Chad told him that he and Diana did not need a formal marriage because they were already married.  Jeff and Rebekah Daugherty, acquaintances of Bob Krell, both testified that at the wedding of Bob and Cathy Krell, Chad was asked why he and Diana did not have a formal wedding ceremony.  In response, Chad stated in front of five people that he did not need a piece of paper to prove that he was married to Diana because they were “already married.”  Other evidence was also admitted purporting to show that both Chad and Diana held themselves out as a married couple and that people who knew them thought they were married.  Because other competent evidence on the issue of whether an informal marriage existed was admitted at trial, we hold that the exclusion of the challenged testimony did not result in the rendition of an improper judgment and overrule appellant’s two points on appeal.

We affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

GARDNER, J. concurs without opinion.

DELIVERED:  September 18, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tracy v. Annie's Attic, Inc.
, 840 S.W.2d 527, 531 (Tex. App.—Tyler 1992, writ denied).

3:
Id.

4:
Downer v. Aquamarine Operators, Inc.
, 701 S.W.2d 238, 241-42 (Tex. 1985), 
cert. denied
, 476 U.S. 1159 (1986).

5:
See
 
Tex. R. App. P.
 44.1(a)(1); 
Hasty Inc. v. Inwood Buckhorn Joint Venture
, 908 S.W.2d 494, 501-02 (Tex. App.—Dallas 1995, writ denied).

6:
See Williams Distrib. Co. v. Franklin
, 898 S.W.2d 816, 817 (Tex. 1995) (per curiam).

7:
City of Brownsville v. Alvarado
, 897 S.W.2d 750, 753-54 (Tex. 1995).

8:
Id.

9:
Cain v. Cain
, 870 S.W.2d 676, 681 (Tex. App.—Houston [1
st
 Dist.] 1994, writ denied).

10:
See Wolfe v. Wolfe
, 918 S.W.2d 533, 538 (Tex. App.—El Paso 1996, writ denied) (“If other competent evidence of the fact in question appears in the record, the improper admission of evidence will not constitute reversible error.”).