

NUMBER 13-13-00473-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IRMA AMALIA SALAZAR SAENZ
AND IRMA G. SAENZ,                                          Appellants,

v.

KAILA MARIE CORONADO,                                       Appellee.

On appeal from the County Court at Law No. 1
of Cameron County, Texas.

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Garza and Longoria
Memorandum Opinion by Chief Justice Valdez

Appellants, Irma Amalia Salazar-Saenz and Irma G. Saenz, sued appellee, Kaila Marie Coronado, alleging negligence arising out of a motor vehicle accident in December 2011. After a trial, the jury awarded damages to Salazar-Saenz, and awarded nothing to Saenz. By one issue, appellants challenge the trial court's judgment alleging that it erroneously limited cross-examination of Coronado's expert witness. We affirm.

## I. DISCUSSION

By their sole issue, appellants assert that the trial court erred by denying them the opportunity to cross-examine Coronado's expert witness regarding his reliance upon data compiled by the "Insurance Institute for Highway Safety" in order to formulate his opinions. According to the parties, at trial, the trial court had indicated that he would not allow any evidence regarding insurance in the record. Thus, according to appellants they were precluded from providing evidence which showed that Coronado's expert was biased.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion. *Tex. Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000); *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). An abuse of discretion occurs when the trial court acts without regard to any guiding rules or principles. *Alvarado*, 897 S.W.2d at 754. If there is error in the admission or exclusion of evidence, we examine the entire record to assess the harm caused by the error. *See Cortez v. HCCI–San Antonio, Inc.*, 131 S.W.3d 113, 119 (Tex. App.—San Antonio 2004), *aff'd*, 159 S.W.3d 87 (Tex. 2005). We reverse based on the erroneous admission or exclusion of evidence only if the appellant shows error that was calculated to cause and probably did cause the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1); *Cortez*, 131 S.W.3d at 119; *Alvarado*, 897 S.W.2d at 753; *Vela v. Wagner & Brown, Ltd.*, 203 S.W.3d 37, 52 (Tex. App.—San Antonio 2006, no pet.). Accordingly, the appellant must demonstrate that the excluded evidence was both controlling on a material issue and not cumulative of other evidence. *Able*, 35 S.W.3d at 617; *Williams Distrib. Co. v. Franklin*, 898 S.W.2d 816, 817 (Tex. 1995). Erroneous evidentiary rulings are usually not harmful unless the case as a whole turns on the particular evidence in question. *Alvarado*, 897 S.W.2d at 753–54;

2

*Sommers v. Concepcin*, 20 S.W.3d 27, 41 (Tex. App.—Houston [14th Dist.] 2000, pet. denied).

Although appellants have alleged that the trial court committed error, they have not explained how this alleged error caused harm.[1] *See* Tex. R. App. P. 44.1(a)(1); *Cortez*, 131 S.W.3d at 119 (explaining that on appeal the appellant has the burden of showing how he or she was harmed by the exclusion of evidence); *Alvarado*, 897 S.W.2d at 753–54 ("A successful challenge to evidentiary rulings usually requires the complaining party to show that the judgment turns on the particular evidence excluded or admitted. We determine whether the case turns on the evidence excluded by reviewing the entire record.") (internal citations omitted); *Vela*, 203 S.W.3d at 52. Moreover, appellants have not provided this Court with a full record of the proceedings below.[2] *See Cortez*, 131 S.W.3d at 119. Thus, even assuming that the trial court erred, we are unable to examine the whole record to determine if the erroneous exclusion harmed appellants and to determine whether the excluded evidence was cumulative. *See id.* We overrule appellants' sole issue because they have not met their appellate burden of showing that they were harmed by the alleged erroneous exclusion of evidence. *Able*, 35 S.W.3d at 617; *Williams Distrib. Co.*, 898 S.W.2d at 817.

---

[1] Appellants merely state, "Further, because as a damages witness, the exclusion of such relevant evidence tending to show the witness's bias probably led to the rendition of an improper verdict, or one that was based on improper grounds." That is the extent of appellants' assertion that they suffered harm due to the trial court's error, if any.

[2] The reporter's record provided by appellants includes: (1) "Volume 1," which is the "Master Index"; (2) "Volume 2," which only includes "Arguments on Motions in Limine" consisting of counsels' arguments regarding whether appellants should be allowed to present evidence that Coronado's expert witness relied on data compiled by the "Insurance Institute for Highway Safety"; and (3) "Volume 3," which only includes the "PLAINTIFF'S OFFER OF PROOF" consisting of a voir dire of Coronado's expert witness, Joseph M. Cormier.

## II.  CONCLUSION

We affirm the trial court's judgment.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Delivered and filed the
30th day of October, 2014.