**TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN**

NO. 03-22-00675-CV

**Augustine Nwoko and Patricia Nwoko, Appellants**

**v.**

**State Farm Lloyds, Appellee**

**FROM THE 459TH DISTRICT COURT OF TRAVIS COUNTY**
**NO. D-1-GN-19-006555, THE HONORABLE JESSICA MANGRUM, JUDGE PRESIDING**

**M E M O R A N D U M   O P I N I O N**

State Farm Lloyds denied Augustine and Patricia Nwoko's insurance claim for damages to their roof following a hailstorm. The Nwokos sued the carrier. Following a jury trial, the jury found that State Farm had not breached the Nwokos' homeowner's insurance policy. Consistent with the jury's finding, the trial court rendered judgment that the Nwokos take nothing. The Nwokos appeal, asserting in a single issue that the trial court erred in excluding evidence of damage to the interior of their home. We will affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In April 2018 the city of Pflugerville, Texas, where the Nwokos lived, experienced a hailstorm. A few weeks later, the Nwokos filed a claim for roof damage with their homeowner's insurance carrier, State Farm. After conducting one or more inspections of the Nwokos' roof, State Farm concluded that the roof had not been damaged by hail, but rather showed wear and tear from

aging, and denied the claim. In September 2019 the Nwokos sued State Farm on several theories. The trial court granted State Farm's motion for partial summary judgment, leaving only a breach-of-contract claim.

Under the trial court's Agreed Scheduling Order signed on September 10, 2020, the discovery deadline was March 19, 2021. Although the scheduling order was later amended, the discovery deadline was not extended. Trial was scheduled to commence on May 23, 2022. A few weeks before the scheduled trial date, the Nwokos asserted the existence of damage to the interior of their house, which had not previously been reported. The day before trial, the Nwokos produced an updated cost estimate that included interior damage.

State Farm filed a motion to exclude the late-produced evidence of interior damage, *see* Tex. R. Civ. P. 193.6(a), which the trial court granted after a pre-trial hearing. Following the hearing, the Nwokos orally requested a continuance, which the trial court denied. During the trial to a jury, the Nwokos made an offer of proof regarding the excluded evidence through their damages expert. During the offer of proof, the expert did not testify that the interior damage was the result of damage to the roof from any hailstorm.[1]

At the conclusion of the trial, the jury was asked whether State Farm had failed to comply with the insurance policy. The jury answered "No" to that question and consequently did not answer the following question pertaining to damages. Consistent with the verdict, the trial

---

[1] The Nwokos' Appellants' Brief also alludes to the trial court's exclusion of evidence that shingles were found in their yard during a recent inspection conducted shortly before the trial date, but their offer of proof did not mention the subject of shingles in their yard. Accordingly, any error from this part of the trial court's ruling was not preserved. *See* Tex. R. Evid. 103(a); *Gunn v. McCoy*, 554 S.W.3d 645, 667 (Tex. 2018).

2

court rendered a judgment that the Nwokos take nothing by their claim. The Nwokos perfected this appeal.

## DISCUSSION

The Nwokos complain only about the trial court's exclusion of evidence of damage to the interior of their home. We reject this claim for at least two reasons.

First, the jury found that State Farm did not breach the Nwokos insurance policy by denying coverage for hailstorm damage. Because the Nwokos do not challenge that jury finding, it is binding on appeal. *See, e.g.*, *Jerry L. Starkey, TBDL, L.P. v. Graves*, 448 S.W.3d 88, 101 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Bank of Am., N.A. v. Barth*, No. 13-08-00612-CV, 2013 WL 5676024, at *5 (Tex. App.—Corpus Christi–Edinburg Oct. 17, 2013, no pet.) (mem. op.).

To obtain a reversal on appeal, an appellant must show not only that the trial court erred or abused its discretion but also that such error or abuse "probably caused the rendition of an improper judgment." Tex. R. App. P. 44.1(a). Here, the jury heard considerable evidence about the existence of a small hole in the Nwokos' roof, which could have led to the interior damage. Because the jury found that State Farm did not fail to comply with the Nwokos' insurance policy, however, they necessarily found that the hole was not caused by the hailstorm. With the finding that State Farm did not breach its policy with the Nwokos, the issue of damages became immaterial, and the jury did not answer the damages question. But the evidence excluded by the trial court—that the Nwokos' home sustained interior damage allegedly caused by the hailstorm— went only to the question of damages.

For an exclusion of evidence to warrant reversal, the excluded evidence must be "controlling on a material issue" and not cumulative of other evidence. *See Benson v. Chalk*,

3

536 S.W.3d 886, 904 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (citing *Williams Distrib. Co. v. Franklin*, 898 S.W.2d 816, 817 (Tex. 1995)). Because the issue of damages became immaterial following the jury's negative liability finding, any exclusion of evidence pertaining only to damages was not controlling on a material issue and therefore could not have resulted in an improper judgment.

In addition, the sanction for failure to timely produce evidence is mandatory and may be excused only on a showing of good cause. *Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 914 (Tex. 1992) ("The trial court has discretion to determine whether the offering party has met his burden of showing good cause to admit the testimony; but the trial court has no discretion to admit testimony excluded by the rule without a showing of good cause."); *see also Mid Continent Lift & Equip., LLC v. J. McNeill Pilot Car Serv.*, 537 S.W.3d 660, 671 n.32 (Tex. App.—Austin 2017, no pet.) (quoting *Alvarado*). Moreover, the good-cause exception generally "permits a trial court to excuse a failure to comply with discovery in difficult or impossible circumstances." *Alvarado*, 830 S.W.2d at 914. The Nwokos argue that the ceiling stains recently discovered in one of the rooms in their house constituted evidence that "did not exist during the discovery period," urging that it would have been impossible to produce evidence that did not previously exist. The record, however, contains no evidence that the ceiling stains did not exist until shortly before trial, only that the Nwokos had not noticed them, allegedly because they rarely went into the room where the stains were found. We conclude that the trial court would not have acted outside of its discretion in concluding that this evidence was not sufficient to show "difficult or impossible circumstances," i.e., good cause.

4

**CONCLUSION**

Having overruled the Nwokos' single issue, we affirm the trial court's judgment.

_____

J. Woodfin Jones, Justice

Before Justices Baker, Kelly, and Jones*

Affirmed

Filed:   July 31, 2024

*Before J. Woodfin Jones, Chief Justice (Retired), Third Court of Appeals, sitting by assignment. *See* Tex. Gov't Code § 74.003(b).