MEMORANDUM OPINION



No. 04-06-00752-CV



Joanne M. STROMBERGER, As Independent Executrix


 of the Estate of Ellen L. Brisbin,

Appellant



v.



Louella O. MCCAMISH, As Independent Executrix


of the Estate of John N. McCamish, Jr.,

Appellee



From the Probate Court No. 1, Bexar County, Texas


Trial Court No. 2003-PC-2641


Honorable Polly Jackson Spencer, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Karen Angelini, Justice

 Sandee Bryan Marion, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: September 26, 2007

AFFIRMED

 This is an appeal from an order granting Louella O. McCamish's Motion for Summary
Judgment as to Joanne M. Stromberger's claim that John N. McCamish, Jr., breached his fiduciary
duty to the beneficiaries of the Estate of Ellen L. Brisbin by transferring approximately $211,577.00
from Ellen L. Brisbin's estate to pay a debt.

 Factual and Procedural Background


 Ellen L. McCamish was married to John N. McCamish, Sr. ("McCamish Sr.") and they had
two children, John N. McCamish, Jr. ("McCamish Jr.") and Ellen M. McCamish Gill ("Ellen Gill"). 
After McCamish Sr.'s death in 1981, and pursuant to the terms of his will, McCamish Sr.'s wife,
Ellen L. McCamish, became the executrix of his estate. The will left a part of the estate to a trust
called the John N. McCamish Testamentary Trust ("Trust") (1), and during her lifetime, all the net
income derived from this Trust was to be paid to Ellen L. McCamish. Upon Ellen L. McCamish's
death, the balance of the property in trust was to be delivered in equal shares to McCamish Jr. and
Ellen Gill. Ellen L. McCamish initially served as trustee of her late husband's estate but later
resigned, whereupon, in accordance with McCamish Sr.'s will, McCamish Jr. became the trustee.
Subsequently, Ellen L. McCamish remarried and became Ellen L. Brisbin. (2) In 1996, Ellen L.
Brisbin's second husband passed away. 

 In December of 2001 and January of 2002, McCamish Jr. transferred securities and stock 
from the Trust account, as well as from a brokerage account belonging to Ellen L. Brisbin. These
securities and stocks were eventually deposited into McCamish Jr.'s personal account; as a result,
the assets held by the Trust dropped from $370,784.13 to $91,327.45 during this period of time. On
August 22, 2002, Ellen L. Brisbin died, leaving a will that named McCamish Jr. Independent
Executor of her estate. Ellen L. Brisbin's will also provided that the residue of her estate was to be
divided into two separate trusts for each of her children, McCamish Jr. and Ellen Gill. In 2003,
McCamish Jr. prepared an Estate Tax Return Form 706, showing a debt incurred by the Estate of
Ellen L. Brisbin in the amount of $214,306.00 and payable to the Trust. At McCamish Jr.'s direction,
this debt was later paid to the Trust by the Estate of Ellen L. Brisbin. (3) 

 McCamish Jr. served as the Independent Executor of Ellen L. Brisbin's estate until his death
on August 12, 2003, whereupon Joanne M. Stromberger, his daughter, succeeded him as Independent
Executrix, while Louella O. McCamish, McCamish Jr.'s widow, became Independent Executrix of
McCamish Jr.'s Estate. Stromberger, as the Independent Executrix of the Estate of Ellen L. Brisbin,
subsequently filed suit against Louella O. McCamish, as the Independent Executrix of the Estate of
John N. McCamish Jr., arguing that McCamish Jr. created the $214,306.00 debt after Ellen's death
to cover-up the unauthorized distribution from the Trust. Stromberger claims that McCamish Jr. then
took funds from the Estate of Ellen L. Brisbin to pay back the $214,306.00 "debt" owed to the Trust.
Stromberger further alleged that McCamish Jr. "had a duty of trust and loyalty to the beneficiaries
under [Brisbin's] Will which prohibited him from using the advantage of his position to gain any
benefit for himself at the expense of the beneficiaries and further prohibit[ed] him from placing
himself in a position where his self interest conflicted with his obligations as fiduciary." 

 Louella O. McCamish filed both a traditional and a no-evidence motion for summary
judgment, arguing that the money received by McCamish Jr., during Ellen L. Brisbin's lifetime, was
a one-time gift to McCamish Jr. in 2001 to equalize several gifts Ellen L. Brisbin had previously
given to her daughter. Louella O. McCamish maintained that the Trust sold stock to Ellen L. Brisbin
on January 16, 2002, and Ellen L. Brisbin then gifted this stock, valued at $214, 306.00, to her son,
McCamish Jr. In support of this contention, Louella O. McCamish attached, as summary judgment
evidence, the 2002 Trust tax return, which reflects the sale of the stock and the Trust capital gains
tax paid on this transaction. Additionally, the record contains a copy of Ellen L. Brisbin's 2002 gift
tax return which shows that the same day the Trust sold Ellen L. Brisbin the stock, she gifted it to
McCamish Jr. However, Ellen L. Brisbin did not immediately repay the Trust for the stock given to
McCamish Jr. Louella O. McCamish maintains that upon Ellen L. Brisbin's death, Brisbin's Federal
estate tax return reflected the debt owed to the Trust for the purchase of the stock. Therefore,
McCamish Jr., acting in his capacity as the Independent Executor of his mother's estate, wrote a
check in the amount of $211,577.00 from the Estate's account to pay the Trust for the stock.

 The trial court granted Louella O. McCamish's motion for summary judgment as to
Stromberger's claim for breach of fiduciary duty. Stromberger appeals, arguing that the trial court
1) abused its discretion in excluding portions of Stromberger's summary judgment evidence, and
further, 2) failed to recognize that there was a genuine issue of material fact that McCamish Jr.'s
transfer of $211,577.00 from the Estate of Ellen L. Brisbin was to pay an alleged debt of his mother's
estate.

 Standard of Review


 Summary judgment evidence must be admissible under the rules of evidence. United Blood
Serv. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997); see Tex. R. Civ. P. 166a (f). The admission or
exclusion of evidence, however, is generally a matter within the trial court's discretion and we
review the trial court's ruling for an abuse of discretion. See State v. Bristol Hotel Asset Co., 65
S.W.3d 638, 647 (Tex. 2001); Owens-Corning Fiberglas Corp. v. Malone, 972 S.W.2d 35, 43 (Tex.
1998). An abuse of discretion occurs when the trial court acts without regard to any guiding rules
or principles. City of Brownsville v. Alvarado, 897 S.W.2d 750, 754 (Tex. 1995). When the order
granting summary judgment does not specify the grounds upon which the trial court relied, we must
affirm the judgment if any of the theories raised in the motion for summary judgment are
meritorious. See State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993). An appellate
court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling.
State Bar of Tex. v. Evans, 774 S.W.2d 656, 658 n. 5 (Tex. 1989).

 To obtain a traditional summary judgment, a party moving for summary judgment must show
that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of
law. Tex. R. Civ. P. 166a(c); Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex.
1995); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). In reviewing the grant of
a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor
of the respondent. Johnson, 891 S.W.2d at 644; Nixon, 690 S.W.2d at 549. In addition, we must
assume all evidence favorable to the respondent is true. Johnson, 891 S.W.2d at 644; Nixon, 690
S.W.2d at 548-49. A defendant is entitled to summary judgment if the evidence disproves as a
matter of law at least one element of the plaintiff's cause of action. Lear Siegler, Inc. v. Perez, 819
S.W.2d 470, 471 (Tex. 1991). Once the movant has established a right to summary judgment, the
burden shifts to the respondent to present evidence that would raise a genuine issue of material fact. 
City of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678 (Tex. 1979). 

 Under Rule 166a(i), a party may move for a no-evidence summary judgment on the ground
that there is no evidence of one or more essential elements of a claim or defense on which an adverse
party would have the burden of proof at trial. Tex. R. Civ. P. 166a(i). We review a no-evidence
summary judgment de novo by construing the record in the light most favorable to the respondent
and disregarding all contrary evidence and inferences. Merrell Dow Pharm., Inc. v. Havner, 953
S.W.2d 706, 711 (Tex. 1997); Reynosa v. Huff, 21 S.W.3d 510, 512 (Tex. App.-- San Antonio 2000,
no pet.); Moore v. K Mart Corp., 981 S.W.2d 266, 269 (Tex. App.--San Antonio 1998, pet. denied). 
A no-evidence summary judgment is improperly granted when the respondent brings forth more than
a scintilla of probative evidence that raises a genuine issue of material fact on the challenged
elements. Tex. R. Civ. P. 166a(i); Gomez v. Tri City Cmty. Hosp., Ltd., 4 S.W.3d 281, 283 (Tex.
App.--San Antonio 1999, no pet.). Less than a scintilla of evidence exists when the evidence is "so
weak as to do no more than create a mere surmise or suspicion" of a fact, and the legal effect is that
there is no evidence. Kindred v. Con/Chem, Inc., 650 S.W.2d 61, 63 (Tex. 1983). 

 Breach of Fiduciary Duty


 To establish a case for breach of fiduciary duty, a plaintiff must show: (1) a fiduciary
relationship between the plaintiff and defendant; (2) that the defendant breached its fiduciary duty
to the plaintiff; and (3) that the defendant's breach resulted in injury to the plaintiff or benefit to the
defendant. Punts v. Wilson, 137 S.W.3d 889, 891 (Tex. App.--Texarkana 2004, no pet.). A person
under a duty, created by law or contract, to act on or give advice for the benefit of another within the
scope of the relationship, has a fiduciary relationship with the other person. Stephanz v. Laird, 846,
S.W.2d 895, 901 (Tex. App.-- Houston [1st Dist.] 1993, writ denied). Executors and trustees fall
within the more commonly recognized fiduciary relationships and owe a fiduciary duty to the
beneficiaries of the estate or trust. See, e.g., Humane Soc'y v. Austin Nat'l Bank, 531 S.W.2d 574,
577 (Tex. 1975); Baker Botts, L.L.P. v. Cailloux, No. 2007 WL 460643, *9 (Tex. App.--San
Antonio 2007, pet. denied). As McCamish Jr. clearly owed a fiduciary duty to the beneficiaries of
Ellen L. Brisbin's estate, the only issues in dispute are whether McCamish Jr. breached that duty and
if so, whether McCamish Jr.'s breach resulted in injury to the estate or benefit to McCamish Jr.
Punts, 137 S.W.3d at 891.

Discussion


 Stromberger initially argues that the trial court abused its discretion in excluding the
following portions of Stromberger's summary judgment evidence: 1) paragraph 9 of Joanne M.
Stromberger's affidavit; 2) exhibit A to Jesse R. Castillo's affidavit and paragraph 10 of Joanne M.
Stromberger's affidavit; and 3) exhibit F to the response. We note that to obtain a reversal based on
the erroneous exclusion of evidence, Stromberger must show the following: 1) that the trial court
erroneously excluded the evidence; 2) that the excluded evidence was controlling on a material issue
and was not cumulative of other evidence; and 3) that the error was calculated to cause and probably
did cause the rendition of an improper judgment. Tex. R. App. P. 44.1(a) (1); Texas Dep't of Transp.
v. Able, 35 S.W.3d 608, 617 (Tex. 2000); Williams Distrib. Co. v. Franklin, 898 S.W.2d 816, 817
(Tex. 1995). We turn now to Stromberger's specific complaints.

 1. Paragraph 9 of Joanne M. Stromberger's Affidavit

 Paragraph 9 of Joanne M. Stromberger's affidavit states:

 I note that when an indebtedness was owed to either the trust or my grandmother, a
promissory note and/or accounting entry was created. As an example, attached to
the Response as document 01523-01524, is a Demand Note dated April 15, 1999 in
the amount of Fifteen Thousand Dollars and no/100 ($15,000.00) where the maker
is John N. McCamish, Jr. and the payee is Ellen L. Brisbin. Another example is
document 00161-0163, a Real Estate Lien Note in the amount of Four Hundred
Seventy Five Thousand Dollars and no/100 ($475,000.00) wherein Louella O.
McCamish is the maker and Ellen Brisbin is the payee. Other examples of
documentation of indebtedness are attached to the Response. It is clear that even
indebtedness between my grandmother and her immediate family were documented
and there is no documentation of any debt by my grandmother Ellen L. Brisbin or her
estate. 

 


 Louella O. McCamish objected as follows: 


 Louella McCamish objects to the entirety of paragraph 9 on the grounds that such
statements contained therein are ambiguous, self-serving, conclusory, assumes facts
not in evidence, and speculative. Louella McCamish, further, objects and moves to
strike all documents included under Exhibit "G" [documents referred to in paragraph
9] on the grounds of best evidence and that the exhibits are unauthenticated and
constitute inadmissible hearsay.


The trial court sustained the objection only as to hearsay and found that Louella O. McCamish's
objection as to lack of authenticity was dropped at the hearing. As Louella O. McCamish's hearsay
objection was limited to "all documents included under Exhibit G," and was not directed to
paragraph 9, the only issue before us is whether the trial court erred in excluding the documents
included under Exhibit G based on hearsay. Exhibit G consisted of the following documents:

 1) signed demand note dated April 15, 1999 in the amount of $15,000.00 with
McCamish Jr. as maker and Ellen Brisbin as payee;

 2) unsigned real estate lien note dated January 1999 in the amount of $175,000.00
with Louella O. McCamish as maker and Ellen Brisbin as payee; 

 3) letter from McCamish Jr. to Ellen Gill dated January 5, 2002 referencing a note
in the amount of $45,000.00 that was marked paid in full; 

 4) unsigned unsecured promissory note dated April 23, 2001 in the amount of
$45,000.00 with Ellen Gill as maker and "John N. McCamish TTEE u/w/o John N.
McCamish FBO Ellen McCamish" listed as the payee; 

 5) signed duplicate of the unsecured promissory note listed above in 4 dated April
23, 2001 in the amount of $45,000.00 with Ellen Gill as maker and "John N.
McCamish TTEE u/w/o John N. McCamish FBO Ellen McCamish" listed as the
payee;

 6) unsigned letter to Ellen Gill, presumably from McCamish Jr., referencing a check
in the amount of $5,000.00 and a promissory note for Ellen Gill's signature;

 7) unsigned unsecured promissory note dated November 27, 2000 in the amount of
$5,000.00 with Ellen Gill as maker and McCamish Jr. as payee;

 8) signed letter from McCamish to Ellen Gill dated April 9, 2001referencing a
promissory note for $35,000.00, a $5,000.00 note marked paid in full, and a check
for $5,000.00; (4)

 9) unsigned unsecured promissory note dated April 10, 2001 in the amount of
$35,000.00 with Ellen Gill as maker and "John N. McCamish TTEE u/w/o John N.
McCamish FBO Ellen McCamish" listed as the payee; and

 10) signed unsecured promissory note dated November 27, 2000 in the amount of
$5,000.00 with Ellen Gill as maker and McCamish Jr. as payee with a hand written
note stating, "pd. in full- John McCamish." (5)


 Stromberger maintains that the statements contained in these documents are not hearsay
because they were offered to "show what was said in the documents and not the truth of what was
said in the documents." Stromberger also asserts that the exhibits were submitted in "an attempt to
prove a negative; that no indebtedness existed." Additionally, Stromberger argues on appeal that
"the documents in Exhibit G signed by John N. McCamish, Jr. are not hearsay pursuant to Rule
801(e)(2) of the Texas Rules of Evidence." Tex. R. Evid. 801(e)(2)(a statement complying with this
rule is an admission by party-opponent and not hearsay). However, even if we assume without
deciding that the documents contained in Exhibit G do not contain hearsay and therefore, were
erroneously excluded as Stromberger argues, Stromberger was also required to demonstrate that the
excluded evidence was both controlling on a material issue and not cumulative of other evidence.
See Franklin, 898 S.W.2d at 817. 

 Here, Stromberger maintains that the "only issue in the summary judgment was whether or
not Ellen L. Brisbin owed a debt at the time of her death." To support her position that no such debt
existed, Stromberger presented the documents contained in Exhibit G, which comprise
correspondence, promissory notes, and demand notes that Stromberger argues evidence a practice
of documenting debts between the parties. Stromberger surmises that since the debt in question was
not documented that it did not exist and was created by McCamish Jr. after the fact to cover up the
wrongful transfer of funds from the Trust. However, Stromberger provides no authority or
persuasive argument to support her position. Furthermore, we note that the documents contained
in Exhibit G consisted of a variety of instruments and correspondence, purporting to evidence
various transactions, many of which were not even signed. Additionally, there is no indication that
these documents purport to represent all transactions between the parties or whether there may have
been other transactions for which no documentation exists. This evidence regarding other unrelated
instances of indebtedness is simply not controlling on a material issue in this case. (6)
 See Franklin,
898 S.W.2d at 817. 

 Further, paragraph 9 of Stromberger's affidavit was apparently not excluded since
McCamish did not object to the affidavit on hearsay grounds; instead, she only objected to Exhibit
G on hearsay grounds. Thus, when the trial court sustained the hearsay objection, it arguably only
applied to Exhibit G. Assuming paragraph 9 was not excluded, it summarizes one of the excluded
documents contained in Exhibit G and purports to prove the same facts as all of the excluded
documents themselves; therefore, the excluded documents would be cumulative of other evidence.
See Franklin, 898 S.W.2d at 817. 



 Accordingly, the error, if any, was harmless; Stromberger's issue is overruled.

 2. Exhibit A to Jesse R. Castillo's Affidavit and Paragraph 10 of Stromberger's Affidavit 
 Exhibit A to Jesse R. Castillo's affidavit is a copy of correspondence prepared by attorney
Arthur H. Bayern in response to Stromberger's allegations that McCamish Jr. wrongfully paid the
debt in question. This letter, which is addressed to Mr. Castillo, and dated June 7, 2004, states, in
pertinent part, the following:

 As far as the specific items raised in your letter, you should be aware of the following:


 1. John's father, Dr. McCamish, died in 1981, and his will was filed for probate
in November 1981. A true and correct copy of that will is attached to this letter as
Exhibit "A." You can see under the will that all of the estate was left in trust for 
Ellen L. McCamish and upon her death, all of the property is to be delivered in
equal shares to John and his sister, Ellen McCamish Gill; 

 2. An account was established at USAA Brokerage Services, . . ., which was
for the trust established under Dr. McCamish's will. We assume it was originally
established by Mrs. McCamish, Trustee U/W/O John N. McCamish FBO Ellen
McCamish;

 3. You have previously provided us with the documentation under which Ellen
L. McCamish established Morgan Stanley account . . . styled "Ellen L. McCamish
Trustee U/A MB FBO Ellen L. McCamish";

 4. On December 24, 2002 (see your Exhibit "E" from your letter of May 18,
2004), there was a check from IBC account . . . , the Estate of Ellen Brisbin to
Morgan Stanley . . . in the amount of $211,577.00;

 5. On November 2002, the stock market was at a 3.5 year low, and John
obviously felt that since his sister was pressuring him for cash at the time, selling
the stock out of the USAA Brokerage account would not make much sense, and
rather than do that, he distributed funds, or directed Morgan Stanley to distribute
funds in letters dated December 31, 2002, to himself and to his sister. See Exhibit
"G" to your letter of May 18, 2004, which shows a letter to Mr. Kinney to make a
distribution to John, and we believe the same amounts were distributed to Ellen
McCamish Gill. In essence, this was a loan from the Estate of Ellen Brisbin to the
Ellen L. McCamish Trust;

 6. On or about May 4, 2003 (during which time the stock market had
made a recovery), John transferred the entire USAA Brokerage account . . . to
Morgan Stanley to repay the $211,577 so that the Estate of Ellen Brisbin would
now be whole; 

 7. After completion of the payback, John closed the trust account, which was
established under Dr. McCamish's will, and on June 26, 2003, paid federal income
taxes in the amount of $24,637.00. This was the entire amount of the taxes due, and
included the half that should have been paid his sister, Ellen McCamish Gill. On
July 7, 2003, Ellen McCamish Gill paid back to John her one-half of the taxes, or
$12,318.50. 


Louella O. McCamish objected to this letter, found in Exhibit A to Jesse R. Castillo's affidavit, 
as follows:

 Louella McCamish objects to and moves the [sic] strike in its entirety Exhibit "A"
to the Affidavit of Jesse R. Castillo (Exhibit "B" to the Response") on the grounds
that this letter contains inadmissible hearsay, legal and factual conclusions, assumes
facts not in evidence, and speculative testimony. Additionally, the statements
contained in Exhibit "A" are irrelevant.


Paragraph 10 of Joanne M. Stromberger's affidavit states:

 I have reviewed the letter from Arthur H. Bayern dated June 7, 2004 and in
particular paragraph 6 wherein Mr. Bayern states that "on or about May 4, 2003
(during which time the Stock Market had made a recovery), John transferred the
entire USAA Brokerage account number . . . to Morgan Stanley to repay the Two
Hundred Eleven Thousand Five Hundred Seventy Seven Dollars and no/100
($211,577.00) so that the Estate of Ellen Brisbin would now be whole."I state that
the Estate of Ellen L. Brisbin was not and has not been repaid the Two Hundred
Eleven Thousand Five Hundred Seventy Seven Dollars and no/100 ($211,577.00)
transferred out of the Estate on December 24, 2002.


Louella O. McCamish objected to paragraph 10 of Stromberger's affidavit as follows:

 Louella McCamish objects to the entirety of paragraph 10 on the grounds that such
statements contained therein, particularly, the quotation from a letter of Arthur H.
Bayern, contains inadmissible hearsay, legal and factual conclusions, assumes facts
not in evidence and speculative testimony. Additionally, the quoted statement of Mr.
Bayern is irrelevant. 


The trial court sustained Louella O. McCamish's objections, without stating its grounds, as to both
exhibit A to Jesse R. Castillo's affidavit, and paragraph 10 of Stromberger's affidavit. 

 We note that the Bayern letter does not state how Bayern obtained the information referred
to, nor does it otherwise demonstrate the reliability of the information contained therein; instead,
Bayern's letter contains phrases such as "we assume," "John obviously felt," and "we believe,"
evidencing the speculative nature of Bayern's statements. Thus, the trial judge could have found 
Bayern's letter to be speculative and properly excluded it. See State Farm & Cas. Co., 858 S.W.2d
at 380. As the exclusion of evidence is generally a matter within the trial court's discretion, we
cannot say that the trial court abused its discretion in excluding Bayern's letter. See Bristol Hotel
Asset Co., 65 S.W.3d at 647; Malone, 972 S.W.2d at 43. 

 Next, Stromberger maintains that paragraph 10 of the Stromberger affidavit is not hearsay
as it was "made by Stromberger with knowledge as the executrix, that the Estate of Ellen L. Brisbin
has not been repaid." However, a portion of paragraph 10 of the Stromberger affidavit recites
language contained in the Bayern letter, which we have found the trial court properly excluded as
speculative. Thus, we are left with Stromberger's statement that "the Estate of Ellen L. Brisbin was
not and has not been repaid the Two Hundred Eleven Thousand Five Hundred Seventy Seven
Dollars and no/100 ($211,577.00) transferred out of the Estate on December 24, 2002." This
statement is not hearsay and should not have been excluded based on any of the objections asserted. 
However, in addition to showing that the trial court erred in excluding this statement, Stromberger
was also required to show that the excluded evidence was controlling on a material issue and that
it was not cumulative. Franklin, 898 S.W.2d at 817. Stromberger does not state in her brief how
this statement is controlling on a material issue but does state that "the only issue in the summary
judgment was whether or not Ellen L. Brisbin owed a debt at the time of her death." Id. Thus,
whether Brisbin's Estate was or not repaid is not controlling on a material issue; what is controlling
on a material issue is whether or not Ellen L. Brisbin owed a debt at the time of her death and
therefore, whether or not McCamish Jr. was required to repay this debt. Tex. R. Civ. P. 166a(i);
Gomez, 4 S.W.3d at 283. Thus, we cannot say that the exclusion of Stromberger's statement was
calculated to cause, and probably did cause, the rendition of an improper judgment. Id. 
Accordingly, Stromberger's issue is overruled.

 3. Exhibit F to the response

 Exhibit F is a series of correspondence and schedules prepared by Carneiro, Chumney &
Co., L.P. for Ellen L. Brisbin, as well as for the Trust created for Ellen L. Brisbin's benefit pursuant
to McCamish Sr.'s will. Louella O. McCamish objected as follows: "Louella McCamish objects
to and moves to strike each of the documents included under Exhibit "F" to the Response on the
grounds that best evidence and that the documents, and the contents therein, are unauthenticated
and contain inadmissible hearsay." The trial court sustained the objection as to hearsay but found
that Louella O. McCamish's objection as to lack of authentication was dropped at the hearing.

 Stromberger maintains that these documents are not hearsay because they were not offered
to prove the truth of the matter asserted but were offered to show "that Carneiro, Chumney & Co.,
L.P. historically prepared and maintained the accounting records for Ellen Brisbin and the John N.
McCamish Residuary Trust." Importantly, Stromberger maintains that the documents were not
hearsay and in fact, "were identical to the business record admitted with the Affidavit of Rosemary
Bolte." Thus, even if we assume without deciding that the documents contained in Exhibit F do not
contain hearsay and therefore, were erroneously excluded as Stromberger argues, Stromberger's
concession that the excluded documents were identical to evidence otherwise admitted and thus,
cumulative, is determinative. See Franklin, 898 S.W.2d at 817. Stromberger's issue is denied. 

 Lastly, Stromberger argues that the trial court failed to recognize that there was a genuine
issue of material fact regarding whether McCamish Jr.'s transfer of $211,577.00 from the Estate
of Ellen L. Brisbin was or was not to pay an alleged debt of his mother's estate.

 Stromberger alleged that McCamish Jr. breached his fiduciary duty in his role as
Independent Executor of the Estate of Ellen L. Brisbin. Louella O. McCamish argued in her motion
for summary judgment that there was no evidence that McCamish Jr. had, in fact, breached his duty
but was merely paying a debt owed by Ellen L. Brisbin's estate to the Trust. Louella O. McCamish
presented the following evidence in support of her motion for summary judgment: 1) Ellen L.
Brisbin's will; 2) Estate of Ellen L. Brisbin's 2002 tax return reflecting an indebtedness payable to
the John N. McCamish Trust in the amount of $214,306.00; 3) John N. McCamish Jr.'s will; and
4) a check in the amount of $211,577.00 payable to Morgan Stanley and written by McCamish Jr.
as Independent Executor of the Estate of Ellen L. Brisbin.

 Once Louella O. McCamish filed her motion alleging there was no evidence to support one
or more elements of Stromberger's claim for breach of fiduciary duty, the burden of proof shifted
to Stromberger to produce summary judgment evidence raising a genuine issue of material fact that
McCamish Jr. breached his fiduciary duty. To meet her burden, Stromberger had to raise more than
a scintilla of probative evidence that the debt paid by McCamish Jr. was not a legitimate debt owed
by the Estate. Stromberger attempted to defeat Louella O. McCamish's no evidence summary
judgment by showing that there was no document evidencing the existence of the debt prior to
Brisbin's death even though, allegedly, "indebtedness between John N. McCamish, Jr., his wife
Louella, the Residuary Trust, his sister Ellen Gill and his mother were reduced to writing."
However, as discussed earlier in this opinion, although Stromberger attempted to raise a fact issue
by showing that other, unrelated transactions were documented by various means, we find that she
has failed to raise an issue of material fact that McCamish Jr. breached his fiduciary duty by paying
a debt owed by Brisbin's Estate. As Stromberger's evidence was "so weak as to do no more than
create a mere surmise or suspicion" that there was no debt, the legal effect is that there is no
evidence and therefore, summary judgment was proper. Kindred, 650 S.W.2d at 63. 

Conclusion


 Accordingly, the trial court did not abuse its discretion in excluding the evidence or in
granting Louella O. McCamish's motion for summary judgment. Tex. R. Civ. P. 166a(c); Johnson,
891 S.W.2d at 644; Nixon, 690 S.W.2d at 548. 


 Karen Angelini, Justice



1. The trust at issue here is the John N. McCamish Testamentary Trust, which was created upon McCamish Sr.'s
death; accordingly, any reference in this opinion to a "Trust" is to the John N. McCamish Testamentary Trust.
2. We refer to Ellen L. McCamish throughout the remainder of the opinion as Ellen L. Brisbin.
3. Although the value of the stock gifted to McCamish Jr. was $214,306.00, and the 2002 Trust tax and gift tax
returns reflect this same amount, McCamish Jr. wrote a check in the amount of $211,577.00 to pay the Trust for the
gifted stock. It is unclear why there is a discrepancy in the amounts.
4. This document includes a line for Ellen Gill's signature indicating she understood and agreed to the terms of
the letter; however, Ellen Gill did not sign this document.
5. We note that only three of the seven promissory notes contained in Exhibit G are signed.
6. Although she has not cited to Texas Rule of Evidence 406, it appears that Stromberger may be attempting to
argue that some form of this rule applies here. Tex. R. Evid. 406 (evidence of the habit of a person is relevant to prove
that the conduct of the person on a particular occasion was in conformity with the habit or routine practice). However,
the parties have not raised this argument and we decline to address it.